U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
SEP 18 2017
AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Utica

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ERIN STROHBEHN,

    Plaintiff,

-against-

ACCESS GROUP, et.al.

    Defendants

Civil No. 5:17-mc-0018 (FJS/DEP)

Action pending in the United States District Court for the Eastern District of Wisconsin, Milwaukee Division (2:16-cv-00985-JPS)

**<u>DECLARATION OF DIONNE RAINEY IN SUPPORT OF MOTION TO QUASH OR MODIFY NON-PARTY SUBPOENA TO TESTIFY IN A CIVIL ACTION</u>**

STATE OF TEXAS    )
                         )SS:
DALLAS COUNTY    )

    I, DIONNE RAINEY, declare pursuant to 28 U.S.C., Section 1746, and under penalty of perjury that the following is true and correct:

    1.    I am an adult resident of the State of Texas and make this declaration based upon my personal knowledge. I make this declaration in support of ACS Education Services, Inc./Xerox Education Services, Inc.'s Motion to Quash or Modify Non-Party Subpoena.

    2.    I am Vice President and Corporate Counsel for Conduent Business Services, LLC. Conduent Business Services, LLC owns Conduent Education Services, LLC. Conduent Education Services, LLC was formerly known as Xerox Education Services, LLC.

    3.    Based on my review of emails related to this matter, on or about Friday, August 25, 2017, Conduent's registered agent was served with a subpoena addressed to ACS Education Services, Inc./Xerox Education Services, Inc. to testify at a deposition in a civil action scheduled for September 18, 2017 at 10:00 a.m. A true and correct copy is attached hereto as Exhibit 1.

    4.    Conduent received notice of the subpoena via email on Tuesday, August 29, 2017.

5. That on or about August 29, 2017, this email with the subpoena was forwarded on to the person most knowledgeable about the information set forth in Exhibit A of the subpoena, whose name is Jaime Broedel. Ms. Broedel is the Director of Operations - Risk Management - Legal Affairs at Conduent Education Services, LLC.

6. That upon information and belief, around the same time that the subpoena was received, Ms. Broedel was facing a personal medical issue and was unable to attend to or address the subpoena due to the urgent medical issue.

7. That after Ms. Broedel left the hospital due to her medical issue and came back to work she forwarded the subpoena on to me, which was on or about September 12, 2014.

8. Ms. Broedel left work on or about September 12, 2017 and is currently in Aruba. She will not be returning to work at Conduent Education Services, LLC in New York until September 21, 2017.

9. I emailed Attorney Heidi Miller on September 13, 2017 in an attempt to reschedule the deposition or get an extension.

10. I had a conversation with Attorney Heidi Miller in the evening of September 13, 2014 in order to attempt to reschedule the deposition due to Ms. Broedel being in Aruba.

11. I explained that Ms. Broedel is the only person with knowledge about the information contained in Exhibit A of the subpoena, and that we could produce a person from Conduent for the deposition, but they would not have knowledge regarding the information contained in Exhibit A.

12. Attorney Heidi Miller indicated she would get back to me on whether she could accommodate an adjournment of the deposition. She also explained that she needed to have the

2

deposition completed in advance of October 2, 2017, in order to use the deposition for a response to pending dispositive motions which is due on that date.

13. That I received an email from Attorney Heidi Miller in the evening of September 13, 2017, indicating that her and Attorney DeLadurantey would only be willing to reschedule the deposition for Friday, September 22, 2017 if Ms. Broedel would fly to Wisconsin and attend the deposition at their office in Brookfield, Wisconsin. Otherwise, the deposition would need to go forward as noticed on September 18, 2017 in New York. Since I was not aware of Ms. Broedel's schedule and not in touch with her on whether she would be able to travel to Wisconsin, I was unable to agree to the alternative date of September 22, 2017.

14. Ms. Broedel is the only person with knowledge of the items set forth in Exhibit A of the subpoena and no other person would provide substantive or fruitful responses. Further, Ms. Broedel is in charge of the documents associated with Exhibit A.

15. I have been attempting to correspond with Ms. Broedel since September 13, 2017 via email, while she is in Aruba, and received the first response on September 14, 2017 around 6:45p.m. ET. Ms. Broedel indicated that she could appear for a deposition in New York on September 22, 2017 after 11:00 A.M.

>Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.
>Dated this 14th day of September, 2017.
>
>*/s/ Dionne Rainey*
>Dionne Rainey

Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ERIN STROHBEHN, | Case No. 16-cv-985 |
| Plaintiff, | |
| vs. | |
| ACCESS GROUP, INC. AND WELTMAN WEINBERG & REIS CO. L.P.A., | |
| Defendants. | |

## NOTICE OF THIRD PARTY SUBPOENA

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Erin Strohbehn, by and through her attorneys, will serve a subpoena requesting deposition testimony from non-party, ACS Education Services, Inc. (Xerox Education Services, Inc.). See the attached subpoena.

Dated this August 22, 2017

s/ Heidi N. Miller
Nathan E. DeLadurantey (WI # 1063937)
Heidi N. Miller (WI # 1087696)
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Drive, Suite 109
Brookfield, WI 53005
(414) 377-0515; (414) 755-0860 – Fax
*Attorneys for the Plaintiff*

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| Erin Strohbehn, | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 16-cv-985 |
| | ) | |
| Access Group, Inc. et al., | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: ACS Education Services, Inc. (Xerox Education Services, Inc.) c/o Illinois Corporation Service
801 Adlai Stevenson Drive, Springfield, IL 62703

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Exhibit A

| Place: Precision Reporters, P.C.<br>One Lincoln Center, Suite 310, 110 W. Fayette St.<br>Syracuse, New York, 13202 | Date and Time:<br>09/18/2017 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenographic and/or video means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit B

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/22/2017

*CLERK OF COURT*                               OR    *[signature]*

_____                      _____
*Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Erin Strohbehn
_____, who issues or requests this subpoena, are:
Heidi N. Miller, 330 S. Executive Dr., Ste 109, Brookfield, WI 53005, heidi@dela-law.com, 414-377-0518

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Exhibit A

1. Data retention and storage policies for information related to collection actions and credit reporting related to Plaintiff[1];

2. Policies and procedures regarding what information must be in the possession of Xerox Education Service, Inc. d/b/a ACS Education Services, Inc. (hereinafter "Xerox") before they begin collection actions towards consumers;

3. Relationship with Defendant Access Group, as it relates to the collection actions and credit reporting commenced towards Plaintiff;

4. Documents produced in response to a subpoena in this case;

5. Documents produced informally to any person or company, related to Plaintiff;

6. The history of Plaintiff's account;

7. Account notes related to Plaintiff's account;

8. Communications between Xerox and Defendant Access;

9. Communications between Plaintiff and Xerox;

10. Details and contents of all personnel files for the individuals that worked on Plaintiff's account;

11. Management, supervision, and discipline of Xerox's collection employees who participated in any of the collection calls, communications with Defendant, credit reporting, credit disputes, or any other specific employee listed in the account notes received from Defendant;

12. Maintenance of procedures by to avoid violations of the Fair Debt Collection Practices Act, Fair Credit Reporting Act, and the Wisconsin Consumer Act;

---

[1] If identifying information is needed concerning the identity of the Plaintiff, please contact the undersigned of the subpoena.

13. Methods, practice, techniques, and strategies used by Defendant training their collection employees, credit dispute processing employees, or any other employee referenced in any account notes related to Plaintiff;

14. All policy, procedure and training manuals, memoranda, or other writings regarding collection or credit reporting activities of Xerox which were in effect and used from 2012 to the present;

15. Why your company continued in collection attempts against Plaintiff after she stated she had paid her debt to Defendant Access Group;

16. Why you placed derogatory information on Plaintiff's credit report;

17. The hiring, training and supervision of all individuals responsible for processing Plaintiff's credit reporting disputes;

18. Policies and procedures relate to the processing of credit reporting disputes;

19. All information, training, policies, procedures, compliance, and how you should report information on consumers with loans that you are servicing on behalf of Defendant Access Group;

20. The hiring, training and supervision of all individuals who spoke to any person on the phone regarding collection or disputes about Plaintiff's alleged balance.

21. The terms of your contractual relationship with Defendant Access;

22. The nature of your communications with Defendant Access as it relates to the Plaintiff's alleged balances;

23. Your policies and procedures as it relates to investigating disputes from consumers who state that they previously paid a debt that you are attempting to collect on;

24. The results of any investigation you made into the Plaintiff's contention that any amount

she owed on the accounts was paid;

25. What your company did as a result of receiving any correspondence or communication from Plaintiff or her lawyers, along with any policies, procedures, training or steps that relate to how correspondence from consumers are to be handled;

26. Your policies related to accepting pre-payments on loans from Wisconsin consumers;

27. Your policies related to the sending of monthly statements to Wisconsin consumers;

28. Your policies related to the application of pre-payments from Wisconsin consumers;

29. Your policies related to the pre-payment penalties on loans with Wisconsin consumers;

30. How payments on Plaintiff's loan were applied;

31. What documents, information, or data that you received from Kentucky Higher Education Student Loan Corporation, Defendant Access Group, or anyone else in relation to Plaintiff;

32. Your relationship with Defendant Access Group, including both generally and specifically as it pertains to Plaintiff;

33. Hiring, training, and supervision of your company by Defendant Access.

## **Exhibit B**

1. Any documents (i.e., written policies, procedures, etc.) referenced in Exhibit A of this subpoena which have not yet been produced.

2. Any communications with Defendant Access Group, Inc. either prior to this filing of this lawsuit or after the filing of this lawsuit.

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 16-cv-985

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).